IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **TRIDENT TRUST COMPANY (UK) LTD**, | : | Case No. 1:07CV893 |
| | : | |
| Plaintiff, | : | District Judge Susan J. Dlott |
| | : | |
| v. | : | ORDER GRANTING MOTION OF |
| | : | THIRD-PARTY DEFENDANT |
| **ANGLO-AMERICAN CREDIT UNION,** | : | OPTIMUM RETURNS (BFIG) |
| **INC., et al.,** | : | TRUST TO DISMISS |
| Defendants. | : | THIRD-PARTY COMPLAINT |
| | : | |
| | : | |
| | : | |

Before the Court is the unopposed motion[1] of Third-Party Defendant Optimum Returns

(BFIG) Trust ("Trust") to dismiss the Third-Party Complaint filed by Defendants/Third-Party

Plaintiffs Anglo-American Credit Union, Inc. (AACU).  (Doc. 80.)  For the following reasons,

the Trust's motion is **GRANTED**.

**BACKGROUND**

        This lawsuit concerns the alleged conversion of approximately $18 million in trust funds

by AACU.  Plaintiff, Trident Trust Company (UK) Ltd. ("Trident") is co-trustee of the Trust.

Trident commenced this action on October 24, 2007 against AACU and Fidelity Brokerage

Services ("Fidelity") seeking, inter alia, injunctive relief to prevent the transfer of certain

Goldman Sachs Notes from an account in the name of AACU maintained with Fidelity.  (Doc.

1.)  On February 26, 2008, AACU filed an Amended Counterclaim against Trident in which it

alleges it is entitled to indemnity and contribution against Trident and the Trust and is entitled to

---

[1]  The Trust filed its motion to dismiss on April 9, 2008, making AACU's response in
opposition due May 5, 2008.  To date, AACU has not filed a response.

1

reimbursement for damages from Trident and/or the Trust.  (Doc. 71.)  On March 5, 2008,

AACU filed a Third-Party Complaint against the Trust and against Bridford Financial Services,

Ltd.  (Doc. 73.)  The only claim AACU makes against the Trust in the Third-Party Complaint is

for indemnity, claiming that "AACU is entitled to a judgment against Bridford and Trust in an

amount equal to all sums that may be adjudged against AACU in favor of the Trust or Trident."

(Doc. 73 ¶ 65.)  In other words, the allegations of AACU's Third-Party Complaint against the

Trust are virtually identical to the allegations of AACU's Amended Counterclaim against

Trident.  The Trust now moves for dismissal of the complaint against it on grounds that the Trust

is not an entity with the capacity to be sued and, as such, AACU cannot state a claim against it.

**DISCUSSION**

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss a complaint

for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  In

reviewing a motion to dismiss pursuant to Rule 12(b)(6), a court "must construe the complaint in

the light most favorable to plaintiffs [and] accept all well-pled factual allegations as true."

*League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).  Since the

Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007), the Sixth

Circuit has explained that "a plaintiff's allegations, while 'assumed to be true, must do more than

create speculation or suspicion of a legally cognizable cause of action; they must show

*entitlement* to relief.'" *B. & V. Distrib. Co., Inc. v. Dottore Co., LLC.*, No. 06-3839 (6th Cir. May

15, 2008) (quoting *Bredesen*, 500 F.3d at 527).  "'To state a valid claim, a complaint must

contain either direct or inferential allegations respecting all the material elements to sustain

recovery under some viable legal theory.'"  *Id*. (quoting *Bredesen*, 500 F.3d at 527).

In arguing that the action against it should be dismissed, the Trust relies on the Trust Deed itself,[2] which provides that the Trust shall be governed and interpreted according to English law. (Doc. 80-2 at 1.) English law provides that a trust does not have a legal personality. *See*, *e.g.*, *The Law of Trusts*, Thomas & Hudson § 1.10; *see also Law Relating to Trusts*, Underhill and Hayton § 1.1(1) (attached to doc. 80 as Ex. B and C). Rather, "[i]t is the trustee who sues third parties or is sued by third parties in relation to trust property." Underhill and Hayton § 1.1(3).

The Court need not rely on English law to resolve the matter. Federal Rule of Civil Procedure 17 governs the issue of whether a named party has the capacity to be sued in United States district courts. Under the Rule, the "[c]apacity to sue or be sued is determined as follows: (1) for an individual who is not acting in a representative capacity, by the law of the individual's domicile; (2) for a corporation, by the law under which it was organized; and (3) for all other parties, by the law of the state where the court is located . . . ." Fed. R. Civ. P. 17(b). The Trust, being neither an individual nor a corporation, falls within the third subsection. Thus, whether the Trust has the capacity to be sued depends on the law of Ohio.

Under Ohio law, the trustee is the legal owner of the trust res. *Fred Martin Motor Co. v. LML Technologies, Inc.*, No. 5:07cv2475, 2008 WL 750555, *1 (N.D. Ohio March 19, 2008) (citing 91 O. Jur. 3d Trusts § 299 (2008)). The trustee is the proper party defendant in a suit involving a trust, and a trust generally is not recognized as a separate legal entity with the

---

[2] The Trust Deed, though not attached to the Amended Counterclaim or Third Party Compliant, is part of the pleadings in this matter and may be considered under Fed. R. Civ. P. 12(b)(6). *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997). The Trust Deed is attached to Trident's Second Amended Complaint (doc. 27-1) and to the Trust's Motion to Dismiss (doc. 80-2).

3

capacity to be sued in its own name.  *Id.* (citing *Coverdell v. Mid-South Farm Equip. Ass'n*, 335 F.2d 9, 12-13 (6th Cir. 1964)).  "The trustee, as the owner of the legal title of the trust property, is generally the real party in interest with the power to defend actions in the name of the trust pursuant to Fed. R. Civ. P. 17(b)."  *Id.*

In this case, AACU has asserted claims against Trident, co-trustee of the Trust and the real party in interest.  Dismissal of AACU's claim against the Trust will not affect AACU's ability to continue to seek a remedy against Trident.

**CONCLUSION**

For the reasons set forth above, the Court hereby **GRANTS** the Motion of Third-Party Defendant Optimum Returns (BFIG) Trust ("Trust") to Dismiss the Third-Party Complaint of Anglo-American Credit Union, Inc. (AACU) Pursuant to Fed. R. Civ. P. 12(b)(6).  (Doc. 80.) The Third-Party Complaint (doc. 73) is hereby **DISMISSED WITH PREJUDICE** as to Third-Party Defendant Optimum Returns (BFIG) Trust.

**IT IS SO ORDERED.**

____s/Susan J. Dlott_____
Susan J. Dlott
United States District Judge

4