IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **TRIDENT TRUST COMPANY (UK) LTD**, | : | Case No. 1:07CV893 |
| | : | |
| Plaintiff, | : | District Judge Susan J. Dlott |
| | : | |
| v. | : | ORDER GRANTING THIRD-PARTY |
| | : | DEFENDANT BRIDFORD |
| **ANGLO-AMERICAN CREDIT UNION,** | : | FINANCIAL SOLUTIONS, LTD.'S |
| **INC., et al.,** | : | MOTION TO DISMISS FOR LACK |
| Defendants. | : | OF PERSONAL JURISDICTION |
| | : | |
| | : | |
| | : | |

Before the Court is the unopposed motion[1] of Third-Party Defendant Bridford Financial

Solutions, Ltd. ("Bridford") to dismiss the Third-Party Complaint filed by Defendants/Third-

Party Plaintiffs Anglo-American Credit Union, Inc. (AACU).  (Doc. 89.)  For the following

reasons, Bridford's motion is **GRANTED**.

**BACKGROUND**

This lawsuit concerns the alleged conversion of approximately $18 million in trust funds

by Defendant AACU.  Plaintiff, Trident Trust Company (UK) Ltd. ("Trident"), and Andrew

Farmiloe are trustees of the Optimum Returns (BFIG) Trust (the "Trust").  Bridford is the

Trust's administrative agent, and AACU is the Trust's asset manager.  In September 2006,

AACU used the Trust funds to purchase Goldman Sachs notes (the "Notes").  In September

2007, AACU transferred the Notes into an AACU Fidelity account in the United States (the

---

[1] Bridford filed its motion to dismiss on May 5, 2008, making AACU's response in
opposition due May 29, 2008.  AACU moved for an extension of time, up to June 13, 2008, to
respond.  (Doc. 92.)  The Court granted the motion (doc. 97), but AACU did not file a response
by June 13 and has not filed a response to date.

1

"Fidelity Account").  AACU then borrowed approximately $7,860,000 on margin on the Fidelity

Account.  Trident commenced this action on October 24, 2007 against AACU and Fidelity

Brokerage Services LLC ("Fidelity") seeking, inter alia, injunctive relief to prevent the transfer

of the Notes from the Fidelity Account.  On March 5, 2008, AACU filed a Third-Party

Complaint against the Trust and Bridford Financial Services, Ltd. asserting claims for breach of

contract, unjust enrichment, and indemnity and contribution.  Bridford now moves for dismissal

of the claims against it on grounds that this Court lacks personal jurisdiction over it.

**DISCUSSION**

The plaintiff bears the burden of proving that the court may properly exercise personal

jurisdiction over the defendant.  *Intera Corp. v. Henderson*, 428 F.3d 605, 615 (6th Cir. 2005).

In the absence of an evidentiary hearing, as is the case here, a plaintiff need only make a prima

facie showing of personal jurisdiction.  *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883,

887 (6th Cir. 2002).  A plaintiff can meet this burden by "establishing with reasonable

particularity sufficient contacts between [the Defendant] and the forum state to support

jurisdiction." *Id.*  (quoting *Provident Nat'l Bank v. California Fed. Savings Loan Ass'n*, 819 F.2d

434, 437 (3d Cir. 1987)).  In determining whether AACU has made a prima facie showing of

personal jurisdiction, the Court must view all pleadings and affidavits in a light most favorable to

AACU.  *Id.*

In a diversity case, the court must look to the law of the forum state to determine whether

personal jurisdiction exists.  *Calphalon Corp. v. Rowlette*, 228 F.3d 718, 721 (6th Cir. 2000)

(citing *LAK, Inc. v. Deer Creek Enterprises,* 885 F.2d 1293, 1298 (6th Cir. 1989)).  The exercise

of personal jurisdiction is valid only if it meets both the state long-arm statute and constitutional

due process requirements.  *Id.*  Ohio's long-arm statute, Ohio Rev. Code § 2307.382, does not

extend to the constitutional limits of the Due Process Clause.  *Goldstein v. Christiansen*, 70 Ohio

St. 3d 232, 238 n. 1, 638 N.E.2d 541 (Ohio 1994); *Calphalon Corp.*, 228 F.3d at 720.  Therefore,

the Court must conduct two separate inquiries: whether the requirements of Ohio's long-arm

statute are satisfied in this case and, if so, whether the Fourteenth Amendment's Due Process

Clause is a limitation on this Court's exercise of personal jurisdiction over SGSC.  *See Brunner*

*v. Hampson*, 441 F.3d 457, 465 (6th Cir. 2006) (concluding that because Ohio's long-arm statute

does not extend to the limits of the Due Process Clause, the two issues must be analyzed

separately).

### A.  Ohio's Long Arm Statute

Ohio's long-arm statute enumerates nine categories of conduct that subject a person to

personal jurisdiction in Ohio if a cause of action arises out of such conduct.  Ohio Rev. Code §

2307.382.[2]  AACU does not specify in its Third-Party Complaint under which of the provisions

---

[2]  Ohio's long-arm statute provides that:

(A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as
to a cause of action arising from the person's:

    (1) Transacting any business in this state;
    (2) Contracting to supply services or goods in this state;
    (3) Causing tortious injury by an act or omission in this state;
    (4) Causing tortious injury in this state by an act or omission outside this state if he
    regularly does or solicits business, or engages in any other persistent course of conduct,
    or derives substantial revenue from goods used or consumed or services rendered in this state;
    (5) Causing injury in this state to any person by breach of warranty expressly or
    impliedly made in the sale of goods outside this state when he might reasonably have
    expected such person to use, consume, or be affected by the goods in this state, provided
    that he also regularly does or solicits business, or engages in any other persistent course
    of conduct, or derives substantial revenue from goods used or consumed or services
    rendered in this state;
    (6) Causing tortious injury in this state to any person by an act outside this state
    committed with the purpose of injuring persons, when he might reasonably have expected

jurisdiction over Bridford is proper.  Bridford maintains that it is not subject to jurisdiction in Ohio under any of the provisions of the long-arm statute.  In support of its position, Bridford presents the following facts, all drawn from the affidavit of Neil D. Marlow,[3] majority shareholder and director of Bridford:

Bridford is a private company registered in England and Wales. (Marlow Aff. ¶ 3.)  Its principal place of business is in Skipton, North Yorkshire, DB23 3AE, United Kingdom.  (*Id*.)  Bridford has never maintained an office in the United States, and it does not have any parent, subsidiary, or affiliated business that does business in the United States.  (*Id*.)

Bridford has three directors and two employees, all of whom are family members.  (*Id*. ¶¶ 2, 4.)  None reside in the United States or own any property in the United States.  (*Id*. ¶¶ 3, 5.)  Bridford's business operations are exclusively in the United Kingdom; it has never marketed any of its services in the United States.  (*Id*. ¶ 5.)  Bridford has not had any contacts with Ohio: it has never conducted, solicited, or transacted any business in Ohio, and its employees and directors have never been to Ohio.  (*Id*. ¶ 6.)  Prior to hiring counsel to represent it in this matter, Bridford had never made or sent any communications by telephone, mail, facsimile, electronic mail, or otherwise to Ohio.  (*Id*.)

---

that some person would be injured thereby in this state;
(7) Causing tortious injury to any person by a criminal act, any element of which takes place in this state, which he commits or in the commission of which he is guilty of complicity.
(8) Having an interest in, using, or possessing real property in this state;
(9) Contracting to insure any person, property, or risk located within this state at the time of contracting.

Ohio Rev. Code § 2307.382.

[3] Mr. Marlow's affidavit is attached to Bridford's motion to dismiss.  (Doc. 89-2.)

4

Bridford's actions relating to the Trust and the investment scheme took place in Europe. (*Id*. ¶¶ 7-11.)  Bridford was appointed administrator of the Trust in March 2006.  (*Id*. ¶ 10.) During the first half of 2006, £9.452 million was invested in the Trust by investors primarily from the United Kingdom.  The funds were held in a Royal Bank of Scotland account in the United Kingdom.  (*Id*. ¶ 11.)  AACU agreed to become the asset manager for the Trust in June 2006.  (*Id*. ¶ 12.)  In August 2006, the Trust funds were transferred to an account at Bankhaus Lampe in Germany and were later used to purchase Goldman Sachs Notes.  (*Id*. ¶ 14.)  AACU transferred the Notes to its account with Bank Leu in Switzerland in October 2006 and then, in June 2007, to a Bridford account in an Austrian bank, Bawag PSK.  (*Id*. ¶¶ 15-16.)  In August 2007, AACU recommended to Bridford that a credit line at Fidelity in the United States be obtained.  (*Id*. ¶ 17.)  Bridford transferred the Notes to AACU's account at Bawag, and in September 2007, AACU transferred the Notes to a Fidelity account in the United States.  (*Id*. ¶¶ 18-19.)  Bridford was aware that AACU was transferring the Notes to a Fidelity account but was never made aware of and did not anticipate that the Notes would be transferred to Ohio.  (*Id*. ¶¶ 19-20.)

The Court is without the benefit of briefing from AACU on the issue of personal jurisdiction over Bridford.  Thus, the Court must look to the Third-Party Complaint to determine whether it alleges facts sufficient to meet AACU's burden of establishing sufficient contacts between Bridford and Ohio to support jurisdiction.  Such facts are conspicuously absent.  The Third-Party Complaint does not allege that Bridford has had any contact whatsoever with the forum state.  In fact, the word "Ohio" does not appear in the Third-Party Complaint save from reference to this Court.  The nearest the Complaint comes to alleging that Bridford has had

contact with Ohio is a reference to the fact that Trident, a trustee for the Trust for which Bridford is an administrative agent, filed a complaint against AACU in the U.S. District Court for the Southern District of Ohio "based upon the transfer of the Notes and AACU's dealings with Bridford. . . ." (Doc. 73 ¶ 3.)

Based on the facts alleged, even construed liberally in favor of AACU, Bridford has not transacted business in Ohio nor contracted to supply services or goods in Ohio, does not have an interest in real property in Ohio, nor caused injury in Ohio under the scenarios set forth under the long-arm statute that would subject it to jurisdiction in the state. Accordingly, Bridford is not subject to personal jurisdiction in this Court.

### B. Federal Due Process

As explained above, the Ohio long-arm statute is not satisfied in this case. Thus, the Court has no reason to analyze whether the Fourteenth Amendment's Due Process Clause is a limitation on the exercise of personal jurisdiction. *Brunner v. Hampson*, 441 F.3d 457, 467 (6th Cir. 2006) (citing *Hall v. Tucker*, 161 Ohio App. 3d 245, 829 N.E.2d 1259, 1266 (2005)).

### CONCLUSION

For the reasons set forth above, the Court hereby **GRANTS** the Motion of Third-Party Defendant Bridford Financial Solutions, Ltd. to Dismiss for Lack of Personal Jurisdiction. (Doc. 89.) The Third Party Complaint (doc. 73) is hereby dismissed with prejudice as to Third-Party Defendant Bridford Financial Solutions, Ltd.

IT IS SO ORDERED.

                                        ___s/Susan J. Dlott_____
                                        Susan J. Dlott
                                        United States District Judge